# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARIA D. GUTIERREZ LAGUARDIA, Next Friend of JUAN CARLOS GINES LAGUARDIA,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | No. C26-4003-LTS-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.  INTRODUCTION

This case is before me on a pro se petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Maria Gutierrez Laguardia (Maria), as next friend and on behalf of her brother, Juan Carlos Gines Laguardia (Laguardia). Maria also filed a pro se motion (Doc. 2) to expedite and a pro se motion (Doc. 3) for temporary restraining order. Laguardia is currently detained at the Woodbury County Jail in Sioux City, Iowa. Doc. 1 at 1. On initial review, I entered an order (Doc. 4) directing the respondents (collectively, the Government)[1] to respond to Laguardia's petition, which they did (Doc. 9). Laguardia has filed a pro se reply (Doc. 16). *See* Local Rule 7(c).

## II.  BACKGROUND

Laguardia is a citizen and native of Cuba. He entered the United States at or near El Paso, Texas on May 11, 2016, at which time he was issued a two-year parole pursuant to the Cuban Adjustment Act of 1966 (CAA). On October 20, 2018, United States

---

[1] On February 4, 2026, I granted Woodbury County Jail's motion (Doc. 11) for leave to join the response by Immigration and Customs Enforcement. Doc. 14.

Citizenship and Immigration Services (USCIS) approved Laguardia's application for lawful permanent resident status under the CAA, which is set to expire on January 20, 2028.

On February 13, 2024, the Department of Homeland Security (DHS) issued Laguardia a notice to appear in removal proceedings alleging that he had been convicted of a controlled substance offense. *See* 8 U.S.C. § 1227(a)(2)(B)(i) (listing controlled substance offense as a basis for removing an alien previously admitted to the United States). On February 28, 2024, an immigration judge (IJ) entered an order of removal. Because DHS determined there was not a significant likelihood that Laguardia would be removed in the reasonably foreseeable future, it released him on an Order of Supervision.

On June 28, 2025, Laguardia was arrested for Third Offense Driving Under the Influence and Second Offense Driving While Revoked. Because this violated Laguardia's Order of Supervision, DHS issued a Notice of Revocation of Release and Laguardia was returned to DHS custody. Laguardia was denied repatriation to Cuba. DHS has served Notices of Removal on Laguardia on three occasions to remove him to Mexico. At least twice, he has refused to comply with removal to Mexico, and therefore, remains in DHS custody.

Laguardia asserts his detention has been unreasonably prolonged as he has been detained for more than 180 days without a final resolution of his immigration case and that his continued detention violates due process in violation of the United States Constitution.

### III. DISCUSSION

The Government argues that Laguardia cannot forestall his removal through his habeas case. It contends that Laguardia's detention is lawful under 8 U.S.C. § 1231(a)(1)-(2). This statute allows DHS to detain an alien during a "removal period" which begins on the latest of three dates: (i) the "date the order of removal becomes administratively final," (ii) "[i]f the removal order is judicially reviewed and if a court

2

Case 5:26-cv-04003-LTS-KEM    Document 18    Filed 02/17/26    Page 2 of 5

orders a stay of the removal of the alien, the date of the court's final order," or (iii) "[i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). An alien held beyond the removal period may seek release by showing "there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a). *See also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding an alien subject to a final removal order may file a habeas petition and seek release if the detention has become unreasonably prolonged and there is "no significant likelihood of removal in the reasonably foreseeable future.").

The Government argues that it would have completed Laguardia's removal but for his refusal to comply with the removal process. It contends that his detention is authorized under 8 U.S.C. § 1231(a)(1)(C) for aliens who "conspire[] or act[] to prevent the alien's removal subject to an order of removal." It also argues that he has not been subject to prolonged detention without the prospect of reasonably foreseeable removal under *Zadvydas* because DHS has already attempted to complete Laguardia's removal and would have done so but for Laguardia's refusal to comply.

Laguardia is currently being detained pursuant to 8 U.S.C. § 1231(a)(1)(C) after refusing to be deported to Mexico on at least two occasions. Doc. 13-1 at 4. This statute provides:

> The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

*See also* 8 C.F.R. § 241.4(g)(5) ("Release will be denied and the alien may remain in detention if the alien fails or refuses to make timely application in good faith for travel documents necessary to the alien's departure or conspires or acts to prevent the alien's removal. The detention provisions of section 241(a)(2) of the Act will continue to apply,

3

including provisions that mandate detention of certain criminal and terrorist aliens."). Under these provisions, the removal period is extended until the alien complies with the statutory obligations. 8 C.F.R. § 241.4(g)(1). Once he complies, ICE has a reasonable period to carry out the alien's removal. *Id.*

Here, an IJ entered an order of removal on February 28, 2024. Because there was no significant likelihood Laguardia would be removed in the reasonably foreseeable future, DHS released him on an Order of Supervision. Laguardia returned to DHS custody on June 28, 2025. On August 11, 2025, Laguardia was advised of specific requirements to comply with his obligation to assist in obtaining a travel document for his removal. Doc. 13-3. He had 30 days to comply. *Id.* On December 17, 2025, ICE provided Laguardia a Notice of Failure to Comply Pursuant to 8 C.F.R. § 241.4(g). Specifically, the Notice stated: "You have failed to assist ICE in applying for a travel document. You have been ordered removed from the United States by an Immigration Judge to Cuba or an alternative country. When Deportation Officers tried to remove you to Mexico, you refused." *Id.* Therefore, ICE extended his removal period under § 1231(a)(1)(C).

In *Zadvydas*, the petitioner's detention was extended beyond the removal period because the Immigration and Naturalization Service could not find a country that would accept Zadvydas. *Zadvydas*, 533 U.S. at 684-85. That situation was not due to Zadvydas' refusal to comply with the requirements of removal, such as obtaining travel documents, as is the case here. *Id.* Under *Zadvydas,* Laguardia cannot show there is no significant likelihood of his removal in the reasonably foreseeable future if he complies with his obligations. Because Laguardia's extended detention is based on his own failure to cooperate with removal efforts, rather than any Government action in failing to timely execute a removal order, his extended detention is reasonable and his § 2241 petition must be denied. *See Lusanga v. Ramos*, Case No. 6:19-cv-00062, 2019 WL 2851759, at *2 (W.D. La. June 11, 2019) ("An alien is not entitled to relief for a delay that he

4

himself has intentionally caused by deliberately obstructing his otherwise imminent deportation; it would be inequitable to allow him to benefit from that delay.").

## IV. CONCLUSION

For the reasons stated herein:

1. Laguardia's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **denied**.

2. LaGuardia's motion (Doc. 2) to expedite and motion (Doc. 3) for temporary restraining order are **denied as moot**.

3. Judgment **shall enter** in favor of respondents and against Laguardia.

**IT IS SO ORDERED** this 17th day of February, 2026.

_____
Leonard T. Strand
United States District Judge